UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LORENZO L. JOHNSON #176204,

       Plaintiff,

v.                                        Case No.  2:17-cv-00086
                                              HON.  GORDON J. QUIST

MICHAEL SKYTTA,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

       This is a civil rights action brought by state prisoner Lorenzo L. Johnson pursuant to 42 U.S.C. § 1983 against Defendant Marquette Branch Prison Corrections Officer Michael Skytta. Plaintiff alleges that Defendant issued him a retaliatory misconduct ticket for theft after he had filed a grievance on another officer. Plaintiff asserts that the misconduct ticket was cruel and unusual in violation of his Eighth Amendment rights and subjected him intentional infliction of emotional distress. Plaintiff states that Defendant told him that he would take away Plaintiff's typewriter because he had filed a grievance. Plaintiff was issued a misconduct ticket for theft of his typewriter after Defendant discovered that the typewriter had no identifying markings. Plaintiff states that he purchased the typewriter from another prisoner and did not steal the typewriter. Plaintiff was found guilty of contraband and his typewriter was destroyed because it was not purchased from an approved vendor. Defendant filed a motion for summary judgment. (ECF No. 26). Plaintiff filed a response. (ECF No. 28).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendant argues that he entitled to qualified immunity from liability. "Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have

known.'"  *Phillips v. Roane County*, 534 F.3d 531, 538 (6th Cir.2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).    Determining whether the government officials in this case are entitled to qualified immunity generally requires two inquiries: "First, viewing the facts in the light most favorable to the plaintiff, has the plaintiff shown that a constitutional violation has occurred?   Second, was the right clearly established at the time of the violation?" *Id.* at 538-39 (citing *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir.2006)); *cf. Pearson v. Callahan*, 555 U.S. 223 (2009) (holding that the two-part test is no longer considered mandatory; thereby freeing district courts from rigidly, and potentially wastefully, applying the two-part test in cases that could more efficiently be resolved by a modified application of that framework).

In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Temporal proximity "may be 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)). However, "[c]onclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." *Skinner v. Bolden*, 89 F. App'x 579, 580 (6th Cir. 2004). Moreover, *Muhammad* does not

stand for the proposition that temporal proximity alone is sufficient to create an issue of fact as to retaliatory motive.

> In *Muhammad* the Sixth Circuit did not resolve the issue, but merely observed that "temporal proximity alone **may be** 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Id.* at 418 (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir.2004) (emphasis added). Even if temporal proximity may in some cases create an issue of fact as to retaliatory motive, it would only be sufficient if the evidence was "significant enough." Plaintiff's conclusory and ambiguous evidence is not "significant enough" to create an issue of fact as to retaliatory motive.

*Brandon v. Bergh*, 2010 WL 188731, slip op. at 1 (W.D. Mich., Jan. 16, 2010).

Plaintiff argues that he engaged in protective conduct by filing a grievance dated January 15, 2017, for an incident that occurred that same day, two days before he received the misconduct ticket for theft. Defendant asserts that he had no knowledge of the grievance and that it was not actually submitted until January 25, 2017, based upon the notation written on the top of the grievance. (ECF No. 27-4, PageID.151-152). Plaintiff states that his grievance was submitted much earlier than January 25, 2017, and that Defendant was aware of the grievance before the misconduct ticket was written, because his complaint was being investigated as early as January 1, 2017. (ECF No. 28-1, PageID.200). In the opinion of the undersigned, because Plaintiff engaged in protected conduct by making a complaint and filing the grievance, a question of fact exits whether Defendant was aware of the complaint or grievance.

Defendant states that he found the typewriter in Plaintiff's cell without identifying marks indicating that it belonged to Plaintiff. (ECF No. 27-1, PageID.107). MDOC policy 04.07.112 requires that property must be labeled or inscribed with each prisoner's identification number. Defendant confirmed that Plaintiff had not purchased a typewriter by reviewing his trust account report. *Id*. Plaintiff explained that he had purchased the typewriter from an inmate on

- 4 -

the yard.    As a result, Defendant issued a Class II misconduct for possession of stolen property, theft.    Plaintiff has submitted affidavits explaining that he purchased the typewriter from prisoner Love.   (ECF No. 28-1, PageID.184-185, 194).

The misconduct hearing officer changed the misconduct charge to contraband because there was no evidence that the typewriter was stolen.    Plaintiff was found guilty of the misconduct charge because the numbers had been scratched out and the rightful owner could not be established.    The hearing officer ordered the typewriter destroyed and Plaintiff received 15 days loss of privileges.    Plaintiff has failed to show that Defendant took retaliatory action against him.    Plaintiff admitted that he purchased the typewriter from another prisoner and not from the prison store.    Plaintiff failed to comply with prison policy because the typewriter had identifying markings scratched off and did not have a label or inscription identifying ownership.    Plaintiff's possession of the typewriter violated prison rules. In the opinion of the undersigned, Plaintiff's conclusory assertion of retaliation is unsupported.

Similarly, Plaintiff's Eighth Amendment claim fails as a mater of law.    The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.    Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency."    *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981).    The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain."    *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).    The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998).    The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for

prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). Plaintiff's assertion that the Defendant wrote a misconduct ticket on him fails to rise to the level of an Eighth Amendment claim.

Plaintiff also asserts a state law claim of intentional infliction of emotional distress. Claims raising issues of state law are best left to determination by the state courts, particularly in the area of prison administration. In addition, pendent jurisdiction over state law claims cannot be exercised after all federal claims have been dismissed. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-727, 86 S. Ct. 1130, 1139 (1966); *Moon v. Harrison Piping Supply, et al.*, 465 F.3d 719 (6th Cir. Sep. 28, 2006); *Smith v. Freland*, 954 F.2d 343, 348 (6th Cir.), *cert. denied*, 504 U.S. 915, 112 S.Ct. 1954 (1992).

> That power need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them, *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of

> applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.

*United Mine Workers v. Gibbs*, 383 U.S. 715, 726-727 (1966). In the opinion of the undersigned, Plaintiff's intentional infliction of emotional distress claim should be dismissed.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendant's motion for summary judgment. Accordingly, it is recommended that Defendant's Motion for Summary Judgment (ECF No. 26) be granted and that this case be dismissed in its entirety.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendant's motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $505 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right

- 8 -

to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:    January 18, 2019