UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LORENZO L. JOHNSON EL #176204,

    Plaintiff,

v.                                                             Case No. 2:17-CV-86

MICHAEL SKYTTA,                          HON. GORDON J. QUIST

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Lorenzo L. Johnson El, a state prisoner at a Michigan Department of Corrections (MDOC) facility, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendant, Michael Skytta, in violation of the First and Eighth Amendments. Plaintiff asks this Court to exercise supplemental jurisdiction over Plaintiff's state-law claim for intentional infliction of emotional distress. Defendant moved for summary judgment, arguing (1) that Plaintiff could not support his federal claims; (2) that writing a misconduct ticket could not be considered cruel and unusual punishment as a matter of law; (3) that once the federal claims were dismissed, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claim; and (4) that Defendant is entitled to qualified immunity. (ECF No. 26.) Magistrate Judge Timothy Greeley submitted a Report and Recommendation (R & R) recommending that the Court grant Defendant's motion for summary judgment, decline to exercise supplemental jurisdiction, and dismiss the case in its entirety. (ECF No. 30.)

Plaintiff has filed objections to the R & R. (ECF No. 31.) Upon receiving objections to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Plaintiff first objects to the magistrate judge's recommendation to dismiss Plaintiff's retaliation claim. The magistrate judge concluded in the R & R that Plaintiff failed to show that Defendant took retaliatory action because Plaintiff admitted to possessing a typewriter in a manner that violated prison rules. The Sixth Circuit has clearly stated: "If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment." *Thaddeus-X v. Blatter*, 175 F.3d 378, 399 (6th Cir. 1999) (en banc). Here, Defendant found the typewriter in Plaintiff's cell without identifying marks in violation of MDOC policy. Defendant reviewed Plaintiff's trust account report and confirmed that Plaintiff had not purchased a typewriter. The hearing officer who reviewed the misconduct allegation found that the numbers had been scratched out, making it impossible to establish the rightful owner of the typewriter. Thus, Defendant is entitled to summary judgment because he would have taken the same action regardless of his knowledge of Plaintiff's grievance activity.

Plaintiff attempts to dispute the magistrate judge's findings in the R & R by offering new arguments and evidence in Plaintiff's objections to the R & R. Plaintiff argues that Defendant would not have taken the same action in the absence of the protected activity because prison officials at Marquette Branch Prison (MBP) regularly allow prisoners to trade or give away

2

electronics and other appliances without permission, and Plaintiff estimates that well over 90% of prisoners at MBP have electronics or appliances without the required identifying marks. (ECF No. 31 at PageID.213.) In support of this new argument, Plaintiff provides three affidavits—his own and those of two other prisoners at MBP. (ECF No. 31-1.) However, "while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). And 28 U.S.C. § 636(b)(1) grants the Court discretion to decline to consider evidentiary materials presented for the first time in objections to the R & R. *Muhammad v. Close*, No. 08-1944, 2009 WL 8755520, at *2 (6th Cir. Apr. 20, 2009). Given that the new affidavits were submitted in support of an entirely new argument, the Court will exercise its discretion in declining to consider Plaintiff's affidavits.

Plaintiff did not object to the portion of the R & R finding that Plaintiff's Eighth Amendment claim failed as a matter of law. Regardless, the Court agrees with the magistrate judge that Plaintiff's allegation of a false misconduct ticket does not rise to the level of an Eighth Amendment claim.

Because the Court will grant summary judgment to Defendant on Plaintiff's federal claims, the Court will decline to exercise jurisdiction over Plaintiff's related state-law claim. 28 U.S.C. § 1367(c)(3); s*ee also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27, 86 S. Ct. 1130, 1139 (1966) ("if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well").

For the reasons stated above,

**IT IS HEREBY ORDERED** that the January 18, 2019, Report and Recommendation (ECF No. 30) is **approved** and **adopted** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 27) is **granted**, and Plaintiff's federal claims against Defendant are **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claim, which is **dismissed without prejudice**.

This case is **concluded**.

A separate judgment will enter.


Dated: February 20, 2019 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE